JAIME E. AND HELENE M. QUITA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Quita v. Commissioner
Docket No. 16512-86.
United States Tax Court
T.C. Memo 1988-309; 1988 Tax Ct. Memo LEXIS 339; 55 T.C.M. (CCH) 1289; T.C.M. (RIA) 88309; July 25, 1988
John W. Knapp, for the petitioners. William Reese, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax for the 1982 taxable year. The parties have settled all issues raised in the statutory notice [1] but petitioner have raised the issue of whether they were nominees as to a portion *340 of the interest income reported on their 1982 Federal income tax returns now claimed to have been reported in error. [2]
FINDINGS OF FACT Some of the facts have been stipulated by the parties and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Jaime E. Quita (petitioner) and Helene M. Quita, resided in Palo Alto, *341 California, at the time the petition in this case was filed. Petitioners filed joint Federal income tax returns for the 1982 taxable year. From 1977 through 1981, four of petitioner's in-laws living in the Philippines transferred money from the Philippines to petitioner for "safe-keeping" in the United States. By 1981, petitioner had received a total of $ 260,000 consisting of: $ 85,000 from Florendo Mangaoil, petitioner's father-in-law; $ 100,000 from Amado and Rosalina Bugayong, Sr., petitioner's brother-in-law and sister; $ 45,000 from Leslie Mangaoil, petitioner's brother-in-law; and, $ 30,000 from Jean Hernandez, petitioner's sister-in-law (hereinafter referred to collectively as the in-laws). Whenever the in-laws transferred money to petitioner, he would either establish a joint savings account in both his own and his wife's name or he would deposit the money in a joint savings account he had previously maintained. Money received from any in-law would be commingled with money received from the other in-laws and petitioners' own money. For the 1982 taxable year, petitioners received interest income in the following amounts from the following sources: Source
Amount
Bank of America
$    281
Home Savings
5,280
American Savings
7,181
First National Savings
12,779
World Savings
12,824
Fidelity Savings
6,730
Great Western Savings
5,848
California Federal
6,002
Total
$ 56,925
*342 Petitioners reported $ 56,925 of intrest income on their 1982 Federal income tax returns. Petitioners now claim that this amount was reported in error. OPINION The issue is whether petitioners were nominees as to the interest income earned in 1982 and reported on their Federal income tax returns for such year. Petitioners contend that they are nominees in that the $ 260,000 received from the in-laws was transferred pursuant to an oral agreement. This alleged oral agreement was that petitioners would merely invest this money and return such money with accrued interest to the in-laws at a future date. Respondent contends that petitioners, rather than acting as nominees over such funds, applied the invested funds and the interest accruing with respect thereto to their own living expenses and investments. It is petitioners who bear the burden of proof. , Rule 142(a). The only evidence of petitioners' nominee status over the deposited funds is the uncorroborated testimony of petitioner, portions of two self-serving letters purportedly written by petitioner to the in-laws, and bank records merely indicating petitioners *343 owned two certificates of deposits in 1979 totaling$ 100,000. Petitioners failed to offer any evidence, such as complete bank records or corroborating testimony, to prove that none of the deposited funds or the interest income accruing with respect thereto were withdrawn and applied by them to pay for their living expenses and investments. If petitioners had evidence of their nominee status, such evidence was not offered and is, therefore, not before us. Accordingly, we hold that petitioners have failed to carry their burden of proof. To reflect the foregoing and the parties' settlement, Decision will be entered under Rule 155.
Footnotes
1. The settled issues include: (1) disallowance of a deduction for losses from the foreclosure on a cattle herd, (2) receipt of income from discharge of indebtedness, (3) increase in tax resulting from the recapture of an investment tax credit, (4) an addition to tax under section 6651, (5) additions to tax under section 6653(a)(1) and 6653(a)(2), (6) an addition to tax under section 6621(c), and (7) an addition to tax under section 6661. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended, and in effect during the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Of the $ 56,925 reported as interest income on their returns for such year, petitioners claim they were nominees as to $ 39,847. ↩